UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRANDI TUCKER, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>ORGANON USA, INC., et al.,<br><br>　　　　Defendants. | Case No: C 13-00728 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY AND DENYING PLAINTIFFS' MOTION TO REMAND WITHOUT PREJUDICE**<br><br>Docket 12, 19 |

　　　The parties are presently before the Court on Defendants' Motion to Stay All Proceedings Pending a Decision on Transfer by the Judicial Panel on Multidistrict Litigation and Plaintiffs' Motion to Remand to State Court. Dkt. 12, 19. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendants' motion to stay and DENIES Plaintiffs' motion for remand without prejudice, for the reasons stated below.[1]

## I.　BACKGROUND

　　　On February 4, 2013, Plaintiff Brandi Tucker and various other individuals commenced the instant action against Organon USA Inc., Organon Pharmaceuticals USA Inc. LLC (f/k/a Organon Pharmaceuticals USA Inc.), Organon International Inc., Merck & Co., Inc. (f/k/a Schering-Plough Corporation) and McKesson Corporation ("McKesson"), alleging injuries arising out of the use of a prescription hormonal contraceptive known as NuvaRing®. Compl., Dkt. 1. On February 15, 2013, Defendants removed the case to this Court based on diversity jurisdiction, 28 U.S.C. § 1332(a). See Notice of Removal, Dkt. 1. Although McKesson is a local defendant, Defendants contend that McKesson was

---

[1] The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

fraudulently joined and that its citizenship should be ignored for purposes of determining diversity jurisdiction.

Due to the number of NuvaRing® products liability actions filed, the Judicial Panel on Multidistrict Litigation ("MDL Panel") has established an MDL court in the United States District Court for the Eastern District of Missouri.  See In re NuvaRing® Prods. Liab. Litig., MDL No. 1964 ("NuvaRing® MDL").  Defendants filed a tag-along notice to transfer this action to the NuvaRing® MDL.  On February 25, 2013, the Judicial Panel on Multidistrict Litigation ("MDP Panel") issued a Conditional Transfer Order ("CTO") which conditionally transfers this action to the NuvaRing® MDL.  Plaintiffs have moved to vacate the CTO which is opposed by Defendants.  The hearing on Plaintiffs' motion is set for May 30, 2013.

In the instant action, Defendants now move to stay the action pending its transfer to the NuvaRing® MDL.  Plaintiffs have filed a motion to remand.  At issue in the motion to remand is whether non-diverse defendant McKesson was fraudulently joined by Plaintiffs to destroy diversity.  Both motions are fully briefed and are ripe for adjudication.

## II. DISCUSSION

Federal district courts have the inherent power to stay ongoing proceedings.  This power "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  A district court's decision to grant or deny a stay is a matter of discretion.  Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).

In determining whether to stay proceedings pending a motion before the MDL Panel, the factors to consider include: (1) conserving judicial resources and avoiding duplicative litigation; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party.  In re iPhone Application Litig., No. C 10-5878 LHK, 2011 WL 2149102, *2 (N.D. Cal. 2011); see also Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  The Court finds that these

factors weigh in favor of a stay.

As an initial matter, a stay will conserve judicial resources and promote judicial consistency. There are over a 1,000 NuvaRing® cases pending in the MDL. As such, staying the case and permitting the eventual transfer of the action will promote judicial economy because the actions raise common issues that can be handled more efficiently through consolidated for discovery and pretrial proceedings. In addition, the issue of whether McKesson is a fraudulently-joined defendant is at issue in numerous other cases, and will be decided in the NuvaRing® MDL. Permitting that Court to resolve the issue of fraudulent joinder globally, as opposed to adjudicating the issue prior to transfer, promotes judicial consistency and avoids conflicting judgments. See Burton v. Organon USA, Inc., No. C 13-1535 PJH, 2013 WL 1963954, *2 (N.D. Cal. May 10, 2013). In contrast, there is no evidence that Plaintiffs will be unduly prejudiced or inconvenienced by a temporary stay, which in any event is likely to be brief given that the conditional transfer issue will be decided by the MDL Panel on or after May 30, 2013.[2]

### III.    CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendants' motion to stay is GRANTED.

2. Plaintiffs' motion to remand is DENIED without prejudice to renewal in the event the action is not transferred to the NuvaRing® MDL.

3. This action is STAYED until the pending dispute over the CTO is resolved by the MDL Panel. The parties shall inform the Court within seven (7) days from the date this matter is resolved.

4. The Case Management Conference scheduled for May 22, 2013 is VACATED.

---

[2] Other courts in this and other California districts have granted motions to stay in similar cases where motions to remand were pending. See Burton, 2013 WL 1963954, *1-*2 (citing cases).

1  5. This Order terminates Docket 12 and 19.

2  IT IS SO ORDERED.

3  Dated: May 21, 2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge